Adolph TREVINO, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–97–00585–CR.

Court of Appeals of Texas, Austin.

Nov. 5, 1998.

---

David B. Fannin, Austin, for Appellant.

Ronald Earle, Dist. Atty., Philip A. Nelson, Jr., Asst. Dist. Atty., Austin, for State.

Before POWERS, JONES and DAVIS,* JJ.

DAVIS, Justice.

After the jury found appellant guilty of the offense of indecency with a child by contact, Tex. Penal Code Ann. § 21.11 (West 1994), the trial court set punishment at confinement for forty-two years. Appellant asserts three points of error, contending that the trial court erred in denying appellant: (1) his motion for mistrial after the prosecutor's argument included a reference to appellant's failure to testify; (2) his motion to quash the enhancement paragraphs in the indictment; and (3) his right to fully cross-examine a

---

* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See*

witness. We will sustain appellant's first point of error and reverse the conviction.

J. E., age twelve at the time of trial, testified that appellant and his daughter stayed in the home of her mother and her mother's boyfriend during July or August of 1996. Testimony favorable to the conviction showed that J.E. was sleeping on the couch in the living room when she was awakened by someone's hand in her shorts. Appellant was leaning over J.E. and rubbing her vagina or private part; "it hurt." J.E. smelled alcohol on appellant. After telling appellant to get off, J.E. ran to her mother's room to report what appellant had done. J. E.'s mother called the police.

Appellant's first point of error is based on the following argument by the prosecutor:

> Ladies and gentlemen, I have to tell you—I submit to you that when you sat here, the State called, I believe, five witnesses, . . . [J. E.], [J. E.'s mother], Robert Cervantes, Anna Morrison and Daniel Rodriguez, the police officer. Each one of those witnesses brought to you some information, some testimony, some evidence. Now, what you are to do, then, do you believe—I mean, it really does come down to the credibility of the witnesses. The State, the defense can get up here and try to either sugarcoat this or blow smoke or throw powder everywhere that you want to throw it, but the idea is this: *Two people were there that night that know what happened, Adolph Trevino and little [J. E.].*

(Emphasis added).

Appellant's objection to the prosecutor's comment on appellant's failure to testify was sustained and the trial court's instruction to the jury to disregard included a review of the law prohibiting comment on an accused's failure to testify. The trial court overruled appellant's motion for mistrial.

■ A prosecutor's comment on a defendant's failure to testify is prohibited by both the federal and state constitutions as well as Texas statutory law. *See* U.S. Const. amend. V; Tex. Const. art. I, § 10; Tex.

Tex. Gov't Code Ann. § 74.003(b) (West 1988).

Code Crim. Proc. Ann. art. 38.08 (West 1979). *See also Nickens v. State*, 604 S.W.2d 101, 104 (Tex.Crim.App.1980). To violate the right against self-incrimination, the argument when viewed from the jury's standpoint must manifestly be of such a character that the jury would necessarily and naturally take it as a comment on the accused's failure to testify. If the remark called the jury's attention to the absence of evidence that only the accused's testimony could supply, the conviction is subject to reversal. *Swallow v. State*, 829 S.W.2d 223, 225 (Tex.Crim.App.1992).

In *Norton v. State*, 851 S.W.2d 341, 344 (Tex.App.—Dallas 1993, pet. ref'd), cited by appellant as dispositive of the instant cause, the prosecutor argued, "[T]here were only two people there and we heard from only one of them." The evidence adduced at trial showed that appellant held a knife at the prosecutrix's throat, told her that she was "going to die today," beat her, and forced her to have both sexual intercourse and oral sex with him. Fearing for her life, the prosecutrix was able to get away by running naked from her apartment. The trial court sustained the defendant's objection, instructed the jury to disregard the argument, but denied the defendant's motion for a mistrial. The court reasoned that since the only two people present were the prosecutrix and the defendant, the prosecutor's argument constituted a direct comment on the defendant's failure to testify. After performing a harm analysis, the court concluded that the prosecutor's argument was so inflammatory that the instruction to disregard the argument could not cure its prejudicial effect. *Id.* at 345.

While the State cites additional authority in its brief, at oral argument the State placed emphasis on this Court's opinion in *Samaniego v. State*, 647 S.W.2d 762 (Tex.App.—Austin 1983, no pet.). The thrust of the prosecutor's argument in that case was that all the evidence that you (the jury) have before you is the testimony of the prosecutrix and one other person who identified the defendant as the perpetrator of the crime. *Id.* at 765. This Court rejected the defendant's argument that the only inference to be drawn from the prosecutor's argument was that

since the defendant did not testify, he must be guilty. *Id.*

■ The State directs our attention to the fact that in the instant cause the State made no comment about hearing from only one of the two people who were there. Accordingly, the State argues this cause is not controlled by *Norton*. While this is true, the emphasis on the absence of appellant's testimony is amplified by the prosecutor's argument naming all of the witnesses who had testified before stating "Two people were there that night that know what happened, Adolph Trevino [appellant] and little [J. E.]." We conclude that the jury would necessarily conclude that the prosecutor's remarks constituted a comment on appellant's failure to testify and answer the charges against him.

■ In recent years, the Court of Criminal Appeals has held that the prohibition against commenting on a defendant's silence is subject to a harm analysis. *See Madden v. State*, 799 S.W.2d 683, 699 (Tex.Crim.App. 1990). To determine whether the error is reversible, we consider whether the argument was extreme, manifestly improper, injects new and harmful facts into the case, or violates a mandatory statutory provision and thus so inflammatory that instructions to disregard the argument cannot cure its prejudicial effect. *See Hernandez v. State*, 819 S.W.2d 806, 820 (Tex.Crim.App.1991).

■ The facts showed that the alleged offense was committed against J. E., age eleven, during the dark of night. The argument in question called the jury's attention to the absence of evidence that only appellant's testimony could supply. The argument was violative of a mandatory statute, and the error was of constitutional dimension, both federal and state. *See Lopez v. State*, 793 S.W.2d 738, 743 (Tex.App.—Austin 1990, pet. granted), *review dism'd as improvidently granted*, 810 S.W.2d 401 (Tex.Crim.App.1991). The prosecutor's remarks were uninvited, and were of such adverse effect and inflammatory character that an instruction to disregard was insufficient to cure the error. We sustain appellant's first point of error.

In view of our disposition of this cause, we need not reach appellant's other points of error.

The judgment of conviction is reversed and the cause is remanded.