Cedric O'Del STRAIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–02–01067–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 25, 2003.

Patricia Segura, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney—Harris County, Amanda J. Peters, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices TAFT, JENNINGS, and HANKS.

## OPINION

TERRY JENNINGS, Justice.

A jury found appellant, Cedric O'Del Strain, guilty of aggravated robbery, and the trial court assessed punishment at confinement for seven years. In three points of error, appellant contends that, in violation of his constitutional and statutory rights against self-incrimination,[1] the trial court erred in overruling his objection to the State's improper jury argument. We affirm.

### Facts and Procedural Background

On February 17, 2002, the complainant, Marion Godwin, a 73–year–old woman, was attacked by two men while getting into her car at a flea market. One of the assailants, an unidentified man, attempted to pull the complainant out of her car while appellant struck her on the arms and forehead. After pulling the complainant out of her car, appellant and the unidentified assailant got into the complainant's car and

---

1. U.S. CONST. amend. V; TEX. CONST. art. 1, § 10; TEX.CODE CRIM. PROC. ANN. art. 38.08 (Vernon 1979).

drove away. One month later, the complainant saw appellant at the same flea market and told someone to call the police. After further investigation, Houston Police Officer S. Anderson showed the complainant a photographic array containing photographs of appellant and five other men. The complainant identified appellant as one of her assailants, and Houston Police officers subsequently arrested appellant at a carwash located across the street from the flea market.

During closing argument, counsel for appellant argued as follows:

[Appellant]: Where is the other man? Why haven't they caught the other man? And assuming—assuming the State's case, that they think they got the right guy, I think there are two men out there still at large and everybody is satisfied because they have got somebody. So, they close their file and go about their business.

. . . .

It's pretty clear that *nobody knows what happened out there except for the people out there.* Okay. There could have been more investigation.

(Emphasis added.) In its concluding address to the jury, the State argued as follows:

[The State]: Ladies and gentleman of the jury, [appellant's counsel] said that no one knows for sure what happened at that flea market on February 17th, 2001. I submit to you [appellant's counsel] is wrong. *There are at least two people that you have seen who know what happened on February 17, 2001.*

[Appellant]: May we approach? Go ahead. I'm sorry.

[The State]: One was [the complainant] and the other is this defendant, Cedric Strain.

[Appellant]: I would like to approach the bench and have the jury excused to make a very pointed objection to this testimony, Your Honor. Your Honor, again, I don't think you should—

The Court: Please retire to the jury room.

(Emphasis added.)

Appellant then objected to the State's argument as an improper comment on the defendant's failure to testify, asked the trial court to instruct the jury to disregard, and moved for a mistrial. The trial court overruled the objection and denied both the request for an instruction and the motion for a mistrial.

### Jury Argument

■ In his three points of error, appellant argues that the State commented on his failure to testify when it stated that "there are at least two people that you have seen who know what happened on February 17, 2001." He contends that this comment "point[ed] to a lack of evidence that only [he] [could] supply" and it violated his rights against self-incrimination.

■ Permissible jury argument falls within one of four categories: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) pleas for law enforcement. *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex.Crim. App.1992). Prosecutorial argument that refers to a defendant's failure to testify violates the defendant's Fifth Amendment right against compelled self-incrimination. *Bustamante v. State*, 48 S.W.3d 761, 764 (Tex.Crim.App.2001). The offending comment must be viewed from the jury's standpoint, and the reference to "the defendant's failure to testify must be clear." *Id.* at 765. However, it is "not sufficient"

that the comment "might be construed as an implied or indirect allusion." *Id.* The "test is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *Id.*

Here, appellant's trial counsel argued that the State was prosecuting the wrong man and that "it's pretty clear that nobody knows what happened out there except for the people out there." The State responded by stating that "there are at least two people that you have seen who know what happened on February 17, 2001." Placed in the context of this record, it appears that the State was simply arguing that it was prosecuting the correct man and that he was present in the courtroom for the jury to see. The State in no way referred to appellant's failure to testify. Nor did the State suggest that appellant had withheld evidence that only he could supply. Given this context, we cannot conclude that the jury necessarily and naturally took the State's argument as a comment on appellant's failure to testify.

In support of his argument, appellant directs our attention to *Trevino v. State,* 979 S.W.2d 78 (Tex.App.-Austin 1998, pet. ref'd). In *Trevino,* the Austin Court of Appeals held that the State's argument that "two people were there that night that know what happened," could not be cured by an instruction to disregard. *Id.* at 79–80. Although the comment made by the State in this case appears similar to the language used by the State in *Trevino,* the context in which it was made is quite different.

In *Trevino,* the State listed all the witnesses that testified at trial, and added, "[e]ach one of those witnesses brought to you some information, some testimony, some evidence." *Id.* at 79. By structuring its argument in this way, the State made a direct comparison between those witnesses who testified at trial and the defendant, who did not. Given this context, the *Trevino* Court concluded that the jury necessarily and naturally took the State's argument as a comment on the defendant's failure to testify. *Id* at 80.

However, in the case at hand, the State did not draw a similar comparison between testifying witnesses and appellant. Here, the State recounted appellant's argument and then rebutted that argument. It appears from the context of this argument, that it was made to reaffirm the State's position that it had the "right" man. Appellant's contention that the jury would necessarily and naturally take the State's argument as a comment on his failure to testify is too tenuous. Accordingly, we hold that the trial court did not err in overruling appellant's objection to the State's argument in this case.

We overrule appellant's first, second, and third points of error.

### Conclusion

We affirm the judgment of the trial court.