Opinion issued September 25, 2003





















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-01067-CR
____________
 
CEDRIC O’DEL STRAIN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 906,676
 

 
 
O P I N I O N
          A jury found appellant, Cedric O’Del Strain, guilty of aggravated robbery, and
the trial court assessed punishment at confinement for seven years. In three points
of error, appellant contends that, in violation of his constitutional and statutory rights
against self-incrimination,


 the trial court erred in overruling his objection to the
State’s improper jury argument. We affirm.
Facts and Procedural Background
          On February 17, 2002, the complainant, Marion Godwin, a 73-year-old woman,
was attacked by two men while getting into her car at a flea market. One of the
assailants, an unidentified man, attempted to pull the complainant out of her car while
appellant struck her on the arms and forehead. After pulling the complainant out of
her car, appellant and the unidentified assailant got into the complainant’s car and
drove away. One month later, the complainant saw appellant at the same flea market
and told someone to call the police. After further investigation, Houston Police
Officer S. Anderson showed the complainant a photographic array containing
photographs of appellant and five other men. The complainant identified appellant
as one of her assailants, and Houston Police officers subsequently arrested appellant
at a carwash located across the street from the flea market.
          During closing argument, counsel for appellant argued as follows:
[Appellant]:Where is the other man? Why haven’t they caught
the other man? And assuming—assuming the
State’s case, that they think they got the right guy, I
think there are two men out there still at large and
everybody is satisfied because they have got
somebody. So, they close their file and go about
their business.

                                         . . . .
 
It’s pretty clear that nobody knows what happened
out there except for the people out there. Okay. 
There could have been more investigation.

(Emphasis added.) In its concluding address to the jury, the State argued as follows:
[The State]:Ladies and gentleman of the jury, [appellant’s
counsel] said that no one knows for sure what
happened at that flea market on February 17th, 2001. 
I submit to you [appellant’s counsel] is wrong. 
There are at least two people that you have seen
who know what happened on February 17, 2001. 
 
          [Appellant]:           May we approach? Go ahead. I’m sorry.
 
          [The State]:            One was [the complainant] and the other is this
defendant, Cedric Strain.
 
          [Appellant]:           I would like to approach the bench and have the jury
excused to make a very pointed objection to this
testimony, Your Honor. Your Honor, again, I don’t
think you should— 
 
          The Court:             Please retire to the jury room.

(Emphasis added.)

          Appellant then objected to the State’s argument as an improper comment on the
defendant’s failure to testify, asked the trial court to instruct the jury to disregard, and
moved for a mistrial. The trial court overruled the objection and denied both the
request for an instruction and the motion for a mistrial.
Jury Argument
          In his three points of error, appellant argues that the State commented on his
failure to testify when it stated that “there are at least two people that you have seen
who know what happened on February 17, 2001.” He contends that this comment
“point[ed] to a lack of evidence that only [he] [could] supply” and it violated his
rights against self-incrimination.
          Permissible jury argument falls within one of four categories: (1) summation
of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument
of opposing counsel; and (4) pleas for law enforcement. Felder v. State, 848 S.W.2d
85, 94-95 (Tex. Crim. App. 1992). Prosecutorial argument that refers to a defendant’s
failure to testify violates the defendant’s Fifth Amendment right against compelled
self-incrimination. Bustamante v. State, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001). 
The offending comment must be viewed from the jury’s standpoint, and the reference
to “the defendant’s failure to testify must be clear.” Id. at 765. However, it is “not
sufficient” that the comment “might be construed as an implied or indirect allusion.” 
Id. The “test is whether the language used was manifestly intended or was of such
a character that the jury would necessarily and naturally take it as a comment on the
defendant’s failure to testify.” Id.
          Here, appellant’s trial counsel argued that the State was prosecuting the wrong
man and that “it’s pretty clear that nobody knows what happened out there except for
the people out there.” The State responded by stating that “there are at least two
people that you have seen who know what happened on February 17, 2001.” Placed
in the context of this record, it appears that the State was simply arguing that it was
prosecuting the correct man and that he was present in the courtroom for the jury to
see. The State in now way referred to appellant’s failure to testify. Nor did the State
suggest that appellant had withheld evidence that only he could supply. Given this
context, we cannot conclude that the jury necessarily and naturally took the State’s
argument as a comment on appellant’s failure to testify.
          In support of his argument, appellant directs our attention to Trevino v. State,
979 S.W.2d 78 (Tex. App.—Austin 1998, pet. ref’d). In Trevino, the Austin Court
of Appeals held that the State’s argument that “two people were there that night that
know what happened,” could not be cured by an instruction to disregard. Id. at 79-80. 
Although the comment made by the State in this case appears similar to the language
used by the State in Trevino, the context in which it was made is quite different.
          In Trevino, the State listed all the witnesses that testified at trial, and added,
“[e]ach one of those witnesses brought to you some information, some testimony,
some evidence.” Id. at 79. By structuring its argument in this way, the State made
a direct comparison between those witnesses who testified at trial and the defendant,
who did not. Given this context, the Trevino Court concluded that the jury
necessarily and naturally took the State’s argument as a comment on the defendant’s
failure to testify. Id at 80.
          However, in the case at hand, the State did not draw a similar comparison
between testifying witnesses and appellant. Here, the State recounted appellant’s
argument and then rebutted that argument. It appears from the context of this
argument, that it was made to reaffirm the State’s position that it had the “right” man. 
Appellant’s contention that the jury would necessarily and naturally take the State’s
argument as a comment on his failure to testify is too tenuous. Accordingly, we hold
that the trial court did not err in overruling appellant’s objection to the State’s
argument in this case.
          We overrule appellant’s first, second, and third points of error.

Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Publish. Tex. R. App. P. 47.2(b).