TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00160-CR







Jose Guadalupe Arce, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-02-216, HONORABLE MICHAEL J. MCCORMICK, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Jose Guadalupe Arce guilty of five counts of aggravated
sexual assault of a child. See Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i) (West Supp. 2004). The jury
assessed a thirty-year prison term and a $5000 fine for each count. On appeal, Arce contends the
court erred by failing to inquire into his competence to stand trial, and that he received ineffective
assistance of counsel. We will overrule these contentions and affirm the district court's judgment.

Arce asserts in his first point of error that the court abused its discretion by "failing
to adequately determine whether [he] was experiencing religious delusions affecting his ability to
meaningfully communicate with counsel or follow court proceedings." This contention is based on
events occurring after the jury had been selected but before testimony began, when the trial court
questioned Arce outside the jury's presence about his decision to wear his jail uniform in the
courtroom and admonished him that this might prejudice his presumption of innocence. Arce
assured the court that he understood what he was doing, saying:


I feel in my heart that if I come in here dressed as somebody I'm not, I'm lying
already, under oath, to the Lord. He tells me to come as I am. My clothes were there
for me to wear for court. It's not my fault the jail can lose my stuff. I told them if
they did not have my clothes for me, and they told me specifically to put everything
down that I had, and I did, and I never received stuff from them, receipts saying that
my stuff was left there.


The jury wants to know the truth. If they want to ask why or look at me
because the way I'm dressed, they're going to know the truth.



Arce added, "See, I can't come in here, though, and present myself to them, making them think I'm
coming in from the free because I'm not. If I was coming in from the free, it would be something
different." Arce told the court that he had not been comfortable in the civilian clothing provided for
him and that he wanted the jury to know that he was in jail.

After a recess, and still outside the jury's presence, defense counsel told the court:


My client just showed me a penny he found in jail and claimed it was a sign from
God that he was going to get acquitted today. I don't know what -- I'm beginning
to question -- I haven't had reason to question his competency until now, but I'm
beginning to question it.



The court responded, "I don't even think that's a scintilla of evidence of incompetence sufficient to
raise a need for a hearing, but I'll allow you to make a record on it." Counsel cited Arce's refusal
to wear civilian clothing and his belief that the penny was a sign he would be acquitted as warranting
a competency inquiry.

A person is incompetent to stand trial if he does not have sufficient present ability to
consult with his lawyer with a reasonable degree of rational understanding, or if he does not have
a rational and factual understanding of the proceedings against him. Tex. Code Crim. Proc. Ann.
art. 46.02, § 1A (West Supp. 2004). A trial court is required to conduct a competency inquiry
pursuant to article 46.02, section 2 if evidence raising a bona fide doubt regarding the defendant's
competence is brought to the court's attention from any source. McDaniel v. State, 98 S.W.3d 704,
710 (Tex. Crim. App. 2003); see Tex. Code Crim. Proc. Ann. art. 46.02, § 2 (West Supp. 2004). 
Evidence is usually sufficient to raise a bona fide doubt if it shows recent severe mental illness, at
least moderate retardation, or truly bizarre acts by the defendant. McDaniel, 98 S.W.3d at 710
(quoting Alcott v. State, 51 S.W.3d 596, 602 (Tex. Crim. App. 2001)).

Arce urges us to apply the "more than a scintilla" test to determine if an issue was
raised regarding his competence. See Sisco v. State, 599 S.W.2d 607, 612 (Tex. Crim. App. 1980). 
By so doing, he fails to distinguish between the question of his entitlement to a section 2 competency
inquiry by the court and the question of his entitlement to a section 4 competency hearing before a
jury. See Tex. Code Crim. Proc. Ann. art. 46.02, §§ 2, 4 (West Supp. 2004). "More than a scintilla"
is the standard applied at a competency inquiry to decide whether to proceed to a competency
hearing. See 42 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and
Procedure § 26.71 (2d ed. 2001); and see McDaniel, 98 S.W.3d at 710-11 (setting out five-step
process for determining competency). The question raised by this appeal is whether a competency
inquiry was required in the first place. For this, the bona fide doubt standard applies.

There is no evidence that Arce is mentally retarded to any degree or that he has any
history of mental illness. Although his decision to wear the jail uniform at trial might have been
unwise and his expectation of an acquittal might have been unwarranted, neither the decision nor the
expectation can be characterized as truly bizarre or delusional. The evidence cited by Arce does not
raise a bona fide doubt as to whether he was able to communicate with his attorney or understand
the proceedings against him. We overrule point of error one.

In points two and three, Arce urges that his trial counsel was ineffective during the
punishment phase because he failed to object when the prosecutor questioned a witness about Arce's
failure to accept responsibility or express remorse for his actions, and when the prosecutor raised the
same subject during her jury argument. Arce argues that in both instances, the prosecutor was
improperly commenting on his failure to testify. See Trevino v. State, 979 S.W.2d 78, 79-80 (Tex.
App.--Austin 1998, pet. ref'd). The flaw in this argument is that Arce did testify. He took the stand
at the guilt stage and expressly denied committing any of the acts of which he was accused. Under
the circumstances, neither the prosecutor's questions nor her jury argument was an objectionable
comment on Arce's silence. Because no ineffectiveness is shown, we overrule points of error two
and three.

The judgment of conviction is affirmed.



 __________________________________________

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: February 20, 2004

Do Not Publish