# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00160-CR

**Jose Guadalupe Arce, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-02-216, HONORABLE MICHAEL J. MCCORMICK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Jose Guadalupe Arce guilty of five counts of aggravated sexual assault of a child. *See* Tex. Pen. Code Ann. ' 22.021(a)(1)(B)(i) (West Supp. 2004). The jury assessed a thirty-year prison term and a $5000 fine for each count. On appeal, Arce contends the court erred by failing to inquire into his competence to stand trial, and that he received ineffective assistance of counsel. We will overrule these contentions and affirm the district court=s judgment.

Arce asserts in his first point of error that the court abused its discretion by Afailing to adequately determine whether [he] was experiencing religious delusions affecting his ability to meaningfully communicate with counsel or follow court proceedings.@ This contention is based on events occurring after the jury had been selected but before testimony began, when the trial court questioned Arce outside the jury=s presence about his decision to wear his jail uniform in the courtroom and admonished him that this

might prejudice his presumption of innocence.  Arce assured the court that he understood what he was doing, saying:

> I feel in my heart that if I come in here dressed as somebody I=m not, I=m lying already, under oath, to the Lord.  He tells me to come as I am.  My clothes were there for me to wear for court.  It=s not my fault the jail can lose my stuff.  I told them if they did not have my clothes for me, and they told me specifically to put everything down that I had, and I did, and I never received stuff from them, receipts saying that my stuff was left there.
>
> The jury wants to know the truth.  If they want to ask why or look at me because the way I=m dressed, they=re going to know the truth.

Arce added, ASee, I can=t come in here, though, and present myself to them, making them think I=m coming in from the free because I=m not.  If I was coming in from the free, it would be something different.@  Arce told the court that he had not been comfortable in the civilian clothing provided for him and that he wanted the jury to know that he was in jail.

After a recess, and still outside the jury=s presence, defense counsel told the court:

> My client just showed me a penny he found in jail and claimed it was a sign from God that he was going to get acquitted today.  I don=t know what C  I=m beginning to question C  I haven=t had reason to question his competency until now, but I=m beginning to question it.

The court responded, AI don=t even think that=s a scintilla of evidence of incompetence sufficient to raise a need for a hearing, but I=ll allow you to make a record on it.@  Counsel cited Arce=s refusal to wear civilian clothing and his belief that the penny was a sign he would be acquitted as warranting a competency inquiry.

A person is incompetent to stand trial if he does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, or if he does not have a rational and

factual understanding of the proceedings against him. Tex. Code Crim. Proc. Ann. art. 46.02, ' 1A (West Supp. 2004). A trial court is required to conduct a competency inquiry pursuant to article 46.02, section 2 if evidence raising a bona fide doubt regarding the defendant=s competence is brought to the court=s attention from any source. *McDaniel v. State*, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003); *see* Tex. Code Crim. Proc. Ann. art. 46.02, ' 2 (West Supp. 2004). Evidence is usually sufficient to raise a bona fide doubt if it shows recent severe mental illness, at least moderate retardation, or truly bizarre acts by the defendant. *McDaniel*, 98 S.W.3d at 710 (quoting *Alcott v. State*, 51 S.W.3d 596, 602 (Tex. Crim. App. 2001)).

Arce urges us to apply the Amore than a scintilla@ test to determine if an issue was raised regarding his competence. *See Sisco v. State*, 599 S.W.2d 607, 612 (Tex. Crim. App. 1980). By so doing, he fails to distinguish between the question of his entitlement to a section 2 competency *inquiry* by the court and the question of his entitlement to a section 4 competency *hearing* before a jury. *See* Tex. Code Crim. Proc. Ann. art. 46.02, '' 2, 4 (West Supp. 2004). AMore than a scintilla@ is the standard applied at a competency inquiry to decide whether to proceed to a competency hearing. *See* 42 George E. Dix & Robert O. Dawson, *Texas Practice*: *Criminal Practice and Procedure* ' 26.71 (2d ed. 2001); *and see McDaniel*, 98 S.W.3d at 710-11 (setting out five-step process for determining competency). The question raised by this appeal is whether a competency inquiry was required in the first place. For this, the bona fide doubt standard applies.

There is no evidence that Arce is mentally retarded to any degree or that he has any history of mental illness. Although his decision to wear the jail uniform at trial might have been unwise and his expectation of an acquittal might have been unwarranted, neither the decision nor the expectation can be

3

characterized as truly bizarre or delusional. The evidence cited by Arce does not raise a bona fide doubt as to whether he was able to communicate with his attorney or understand the proceedings against him. We overrule point of error one.

In points two and three, Arce urges that his trial counsel was ineffective during the punishment phase because he failed to object when the prosecutor questioned a witness about Arce=s failure to accept responsibility or express remorse for his actions, and when the prosecutor raised the same subject during her jury argument. Arce argues that in both instances, the prosecutor was improperly commenting on his failure to testify. *See Trevino v. State*, 979 S.W.2d 78, 79-80 (Tex. App.CAustin 1998, pet. ref=d). The flaw in this argument is that Arce *did* testify. He took the stand at the guilt stage and expressly denied committing any of the acts of which he was accused. Under the circumstances, neither the prosecutor=s questions nor her jury argument was an objectionable comment on Arce=s silence. Because no ineffectiveness is shown, we overrule points of error two and three.

The judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: February 20, 2004

Do Not Publish

4