# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00361-CR

**Herschel Hinkle, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 3013666, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Herschel Hinkle, who was driving while intoxicated and fleeing from a police officer attempting to stop him for speeding, struck and killed another officer who had deployed a "stinger" device. At a jury trial, appellant pleaded guilty to an indictment accusing him of intoxication manslaughter and using his motor vehicle as a deadly weapon. *See* Tex. Pen. Code Ann. § 49.08 (West Supp. 2004). He also pleaded true to an enhancement paragraph alleging two previous felony convictions. The jury returned an instructed verdict of guilty and assessed punishment at imprisonment for life.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by advancing contentions which counsel says might arguably support the appeal. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie*

*v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant also filed a pro se brief.

We first address appellant's fifth, sixth, and seventh pro se points of error, which correspond with the arguable points contained in counsel's brief. In point five, appellant contends the court erroneously admitted extraneous offense evidence. Several items of personal property linked to appellant were found scattered on the ground at the scene of the accident. Among these items was a coin purse containing razor blades and a small amount of green, leafy residue. Appellant objected to the admission of this evidence on the ground that its probative value was outweighed by the danger of unfair prejudice. Tex. R. Evid. 403. The court overruled the objection in part and sustained it in part. The court admitted the coin purse and its contents and permitted the witness, a police officer, to testify that in his opinion the green substance was marihuana. The court did not permit the State to adduce testimony that razor blades are used to cut cocaine and other controlled substances.

At the punishment stage, the court may admit any evidence it deems relevant to sentencing, including evidence of other bad acts by the accused. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2004). We review the court's decision to admit or exclude evidence at the punishment stage for an abuse of discretion. *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996). Given the nature of the crime to which appellant pleaded guilty and the fact that he was on probation when the accident occurred, the court did not abuse its discretion by concluding that the marihuana residue evidence was more probative than unfairly prejudicial. We also note that

2

no further reference to this evidence was made after its admission, even during the jury arguments. Pro se point of error five is overruled.

In point six, appellant complains of the admission of photographs taken by the medical examiner during the autopsy of the deceased. The State offered eleven photographs. Appellant objected that they were "cumulative and prejudicial." After the State withdrew two of the photographs, the court overruled appellant's objection and admitted the remaining nine.

Autopsy photographs are generally admissible unless they depict mutilation of the body caused by the autopsy process itself. *Rojas v. State*, 986 S.W.2d 241, 249 (Tex. Crim. App. 1997). The nine photographs at issue show the injuries inflicted when appellant's vehicle struck the officer. Each photograph shows a different injury or a different view of an injury, and none of the photographs depict the effects of the autopsy process. The medical examiner used the admitted photographs to illustrate his testimony describing the officer's injuries. We find no abuse of discretion in the admission of the photographs over appellant's rule 403 objection. Pro se point of error six is overruled.

In point seven, appellant contends the court erred by overruling his motion for mistrial. Neither counsel's brief nor appellant's pro se brief refers us to the place in the record where such a motion was made and overruled. Under the circumstances, pro se point of error seven presents nothing for review.

Appellant's first pro se point of error is that the trial court denied him a fair and impartial trial by permitting the courtroom to become an "armed camp." The incident to which appellant refers occurred after both sides rested. Defense counsel approached the bench and

3

complained that the courtroom was "packed" with uniformed police officers. Counsel objected that the "timing and increase in law enforcement presence is such that it creates an intimidating and coercive atmosphere that cannot help but prejudice and influence the jury's verdict in this case." After stating for the record that there were approximately fifty public seats in the courtroom, the court ruled that no more than sixteen uniformed officers would be permitted to remain. Officers in civilian clothing were also allowed to remain, but were instructed to hide their badges and other police identification. Just before the jury returned to the courtroom to hear final arguments, the court noted for the record that there were thirteen uniformed police officers present, and that "[a] lot of them are dispersed and also in the back of the courtroom."

It is understandable that the deceased officer's comrades on the force were interested in hearing final arguments in this case. At the same time, the trial court was commendably sensitive to the prejudice that could result from an excessive police presence in the courtroom. *See Holbrook v. Flynn*, 475 U.S. 560, 570-71 (1986). The actions taken by the court appear to have satisfied defense counsel, as he voiced no further objections. Finding no reversible error, we overrule pro se point of error one.

Appellant's next pro se point is that the court erred by instructing the jury to make an affirmative finding that a deadly weapon was used in the commission of the offense. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp. 2004). Appellant correctly points out that a trial court is not authorized to make an affirmative finding when a jury is the trier of fact. *Davis v. State*, 897 S.W.2d 791, 793 (Tex. Crim. App. 1995). He argues that the court violated this principle by instructing the jury to make the finding.

4

When a defendant enters a plea of guilty before a jury, no issue of guilt remains and it is proper for the court to instruct the jury to return a verdict of guilty. *Holland v. State*, 761 S.W.2d 307, 313 (Tex. Crim. App. 1988). In this cause, the indictment alleged that appellant "operate[d] a vehicle in a public place while intoxicated, and by reason of that intoxication by accident and mistake, cause[d] the death of an individual . . . by striking [him] . . . with his motor vehicle, a deadly weapon, which in the manner of its use and intended use was capable of causing death and serious bodily injury." By pleading guilty to this allegation before the jury, appellant removed any question as to whether he used his vehicle as a deadly weapon. The court did not err by instructing the jury to make the affirmative finding. Pro se point of error two is overruled.

In pro se point of error three, appellant urges that the court should have granted a mistrial when the prosecutor commented on his failure to testify. The comment was made during jury argument as the prosecutor was discussing appellant's potential for rehabilitation: "You got to ask yourself, look across here to the defense counsel table, is this defendant truly remorseful for his actions?" The court sustained appellant's objection and instructed the jury to disregard the comment, but refused to declare a mistrial.

Ordinarily, any injury arising from improper jury argument, even comments on the defendant's failure to testify, can be cured by a timely instruction to disregard. *Long v. State*, 823 S.W.2d 259, 269-70 (Tex. Crim. App. 1991); *Trevino v. State*, 979 S.W.2d 78, 80 (Tex. App.—Austin 1998, pet ref'd). We conclude that the comment here was not so inflammatory as to be incurable by instruction, and that the court did not abuse its discretion by refusing the requested mistrial. Pro se point of error three is overruled.

Finally, appellant contends the prosecutor improperly commented on his future dangerousness when he told the jury, during argument, that "if and whenever" appellant gets out of prison, "you can bet" that he will buy and consume alcoholic beverages, get in a car, and "hurt somebody or kill somebody again." There was no objection, and therefore any error was not preserved. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Pro se point of error four is overruled.

We have reviewed the record, counsel's brief, and appellant's pro se brief. We find no substantive grounds to support the appeal.

The judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: March 11, 2004

Do Not Publish