Opinion issued July 15, 2004



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00118-CR




BOBBY MARION MARTER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 829436




MEMORANDUM OPINION

          A jury found appellant Bobby Marion Marter guilty of sexual assault of a child
younger than seventeen years of age, and assessed punishment at confinement for
twenty years. In four issues, Marter contends that the trial court erred in (1) failing
to give the jury a limiting instruction concerning extraneous offenses and (2) denying
a request for a mistrial following the State’s improper jury argument. We affirm.
Background
          After her grandmother died, at age six, the complainant began to reside with
her mother and Marter. Before then, she lived with her grandmother but spent
weekends with her mother and Marter. Marter began inappropriately touching the
complainant on weekends. When she was about fourteen, in November 1988, Marter
revealed to her that he had been having sex with her for the past two years while she
slept. 
          As the complainant became aware of Marter’s activities, she tried to remain
awake at night and wore extra clothes. The complainant’s last sexual encounter with
Marter occurred in December 1998. Despite her protests and attempts to physically
push him away, Marter pulled her clothes off and raped her. 
          In January 1999, the complainant told a friend’s father that her step-dad was
having sex with her. The father called the police, who later arrested Marter. 
Limiting Instruction
          Marter contends that the trial court erred in refusing to give the jury a limiting
instruction at the time it allowed the State to offer evidence of Marter’s extraneous
offenses, namely earlier episodes of sexual contact with the complainant. 
          At trial, the following exchange took place after the State began to offer
testimony regarding Marter’s extraneous offenses:
                    Counsel:     Excuse me, Judge. I’m going to object under Rule 404(b),
and ask that there be a limiting instruction given to the jury
before this testimony is admitted.
 
                    Court:         That will be overruled.
                    Counsel:     Are you also denying the limiting instruction?
                    Court:         Yes.
                    Counsel:     Judge, just to make – along this line of testimony,
just for the record, may I have a running objection as
to my same objection under Rule 404(b) and also my
objection to – request for the Court to give a limiting
instruction? May I have a running objection?
 
                    Court:         Yes.
          The trial court properly overruled Marter’s Rule 404(b) objection, however,
because the Code of Criminal Procedure expressly allows admission of extraneous
offenses that relate to “acts committed by the defendant against the child who is the
victim of the alleged offense” in cases involving child sexual abuse, notwithstanding
Rule 404(b). See Tex. Code Crim. Proc. Ann. art. 38.37 § 2 (Vernon 1979).


 The
State filed a notice of its intent to rely upon extraneous offenses in compliance with
article 38.37. See id. Thus, the extraneous offense evidence was properly before the
jury. 
          Marter further contends that the trial court should have provided a limiting
instruction pursuant to Rule 105 of the Texas Rules of Evidence. Under Rule 105(a),
when evidence is admissible for one purpose, but not another, “the court, upon
request, shall restrict the evidence to its proper scope and instruct the jury
accordingly.” Tex. R. Evid. 105(a). Marter premised his trial objection on Rule
404(b), but did not state to the trial court the basis for his request for a limiting
instruction or the form it should take. In this case, in which the Code of Criminal
Procedure allows for the admission of extraneous evidence of other crimes the
defendant committed against a complainant child notwithstanding Rule 404(b), a
general request for a limiting instruction was not adequate to alert the trial court of
the nature of Marter’s complaint. Moreover, given that the trial court ultimately
charged the jury with a Rule 404(b) limiting instruction, nothing in the record
indicates that a properly stated request would not have been heeded by the trial court. 
Accordingly, Marter has waived his complaint. Tex. R. App. P. 33.1.
          Closing Argument
          In his second, third, and fourth points of error, Marter contends that the trial
court erred in overruling his motion for mistrial during closing argument. Marter
maintains that the State commented on his failure to testify, and the comment violated
his rights under the Fifth and Fourteenth Amendments to the United States
Constitution, Article I, Section 10 of the Texas Constitution, and Article 38.08 of the
Texas Code of Criminal Procedure. 
          During closing argument, the State said, 
          State:          And if you’ll recall back - - that was awhile back, but if
you recall when we were talking about reasonable doubt,
I told you that reasonable doubt had to be to an element in
the offense. Now what does that mean? It means that in
the elements of the offense that I have to prove to you
whether or not this man sexually assaulted [the
complainant] on December 20, 1998, by having contact
with his sexual organ against her sexual organ, without her
consent and she was under 17.
 
[The complainant] testified about the facts of the case. The
only person that can testify about what happened are the
people that are there. So you heard from [the complainant]. 

          Marter objected that the State’s argument commented on the right of the
defendant not to testify. The trial court sustained Marter’s objection and told the jury,
“The jury will disregard that.” Marter asked for a mistrial, which the trial court
denied. 
          After the trial court instructed the jury to disregard, the State continued its
closing argument:
          State:          None of the other State’s witnesses in this case can testify
about what happened because they weren’t there. They can
only testify about what they saw, what they heard from [the
complainant], or what they observed from [the
complainant] in the succeeding time period.

          Proper jury argument is: (1) a summary of the evidence; (2) a reasonable
deduction from the evidence; (3) an answer to the opponent’s argument; or (4) a plea
for law enforcement. Long v. State, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991).
          A comment on the defendant’s failure to testify violates the privilege against
self-incrimination in the Fifth Amendment to the United States Constitution, Article
I, Section 10 of the Texas Constitution, and Article 38.08 of the Texas Code of
Criminal Procedure. See U.S. Const. amend. V; Tex. Const. art. I, § 10; Tex. Code 
Crim. Proc. Ann. art. 38.08 (Vernon 1979); Saldivar v. State, 980 S.W.2d 475, 501
(Tex. App.—Houston [14th Dist.] 1998, pet. ref’d). To determine whether a
prosecutor’s argument constitutes an improper comment on the failure of a defendant
to testify, we review the language from the standpoint of the jury. See Goff v. State,
931 S.W.2d 537, 548 (Tex. Crim. App. 1996). We consider whether the offending
language is either manifestly intended, or of such a character that the jury would
necessarily take it, as a comment on the accused’s failure to testify. See Montoya v.
State, 744 S.W.2d 15, 35 (Tex. Crim. App. 1987), overruled on other grounds,
Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). It is not enough,
however, that the language could be construed as an indirect or implied allusion to
a defendant’s failure to testify. Rather, the failure to testify must be a necessary
implication of the statement. See Swallow v. State, 829 S.W.2d 223, 225 (Tex. Crim.
App. 1992). 
          Marter relies upon two cases in support of his argument. In Norton v. State, the
prosecutor stated, “There were only two people there and we heard from one of
them.” 851 S.W.2d 341, 344 (Tex. App.—Dallas 1993, pet. ref’d). The Dallas Court
of Appeals found this statement to be a direct comment on the accused’s failure to
testify because the argument “called the jury’s attention to the absence of evidence
that only appellant’s testimony could supply.” Id. at 346. 
          Similarly, in Trevino v. State, the prosecutor stated, “Two people were there
that night that know what happened, Adolph Trevino and little [J.E.].” 979 S.W.2d
78, 79 (Tex. App.—Austin 1998, pet. ref’d). In Trevino, the Austin Court of Appeals
observed that, “the emphasis on the absence of appellant’s testimony is amplified by
the prosecutor’s argument naming all of the witnesses who had testified” before
specifically commenting, by name, that the defendant had failed to testify. Id. at 80. 
The court of appeals held that the prosecutor’s argument “constituted a comment on
appellant’s failure to testify and answer the charges against him.” Id. 
          Here, the State’s argument did not directly comment on Marter’s failure to
testify. Unlike Norton and Trevino, in which the statements limited the universe of
witnesses to two persons, the complainant and Marter, the State in this case referred
to “the people that are there,” which can be read to include anyone with personal
knowledge of the relationship between the complainant and the defendant, including
the people living with the complainant at the time of the assaults. Before the date of
offense, the complainant testified that she lived with Marter, her mother, a brother
and sister, and some cousins. On the date of the offense, the complainant lived with
her mother, Marter, her brother, three cousins, and her sister. Based on this testimony
and in the context of the prosecutor’s statements, the jury reasonably could have
inferred that the State was informing the jury that people can only testify about events
based upon their personal knowledge. 
          We cannot conclude that the State’s argument was manifestly intended or was
of such a character that the jury would necessarily and naturally take it as a comment
on Marter’s failure to testify. See Canales v. State, 98 S.W.3d 690, 698 (Tex. Crim.
App. 2003) (concluding that the jury would not necessarily take prosecutor’s
argument as a comment on defendant’s failure to testify based on context of
argument); Hammond v. State, 799 S.W.2d 741, 748 (Tex. Crim. App. 1990)
(concluding that prosecutor’s remark would not have been readily taken to mean that
appellant failed to testify, “but simply that no evidence was produced from any source
to undermine his reconstruction of the killing”). Accordingly, we hold that the
State’s argument is an indirect or implied comment on Marter’s failure to testify and
not a direct comment. 
          Moreover, to the extent that the State’s argument can be read to comment on
the defendant’s failure to testify, the trial court timely cured the error by instructing
the jury to disregard the statement. An instruction by the trial court to disregard will
generally cure a comment on the failure of the accused to testify in all but the most
blatant examples. Moore v. State, 999 S.W.2d 385, 405 (Tex. Crim. App. 1999)
(“[T]he presumption that an instruction [to disregard] generally will not cure
comment on failure of the accused to testify . . . has been eroded to the point that it
applies only to the most blatant examples. Otherwise, the Court has tended to find
the instruction to have force.”); Fuentes v. State, 991 S.W.2d 267, 275 (Tex. Crim.
App. 1999) (comment not so inflammatory that any prejudicial effect could not have
been removed by the trial court’s instructions to disregard the remark). In this case,
not only did the trial court instruct the jury to disregard the State’s comments at the
time the prosecutor made them, it also instructed the jury in the court’s charge
regarding the right of a defendant to not testify. Accordingly, we conclude that the
State’s comment on Marter’s failure to testify is not so blatant that the trial court’s
instruction to disregard it could not have removed its prejudicial effect. 
 
 
 
Conclusion
          We conclude that Marter’s complaints on appeal are without merit and
therefore affirm the judgment of the trial court.
 
Jane Bland
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Do not publish. Tex. R. App. P. 47.2(b).