TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-05-00477-CR

Arthur Johnson, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT

NO. 3040759, HONORABLE FRED A. MOORE, JUDGE PRESIDING

M E M O R A N D U M   O P I N I O N

A jury found appellant Arthur Johnson guilty of aggravated robbery, for which the court assessed a forty-year prison term.  
See
 Tex. Pen. Code Ann. § 29.03 (West 2003).  In his only point of error, appellant contends the trial court erred by failing to grant a mistrial after the prosecutor, during argument, referred to appellant’s failure to testify.  We will overrule this contention and affirm the conviction.

The State called fifteen witnesses, including Douglas Brown, the complainant, Verna Santucci, an accomplice witness as a matter of law, and Calvin Jefferson, whose status as an accomplice witness was submitted to the jury as a fact question.  The evidence shows that Brown, Santucci, and Jefferson spent the evening of April 7, 2004, smoking crack cocaine together at an Austin motel.  The next morning, the three drove in Santucci’s car to Brown’s place of employment, where he picked up his paycheck, and to a check-cashing store, where Brown cashed his paycheck and purchased a $200 money order.  They then began to look for appellant, from whom they intended to buy more cocaine.  Santucci drove to appellant’s house and went inside while Brown and Jefferson waited in the car.  Santucci told appellant that Brown was in her car and had money.  Appellant told her to meet him at another nearby motel.

Santucci drove to the motel.  Claiming to have car trouble, she pulled into a parking lot between the motel and an office building and stopped.  Santucci and Jefferson got out of the car, but before Brown could do so, appellant appeared, armed with a sawed-off shotgun.  Appellant pointed the weapon at Brown and demanded his money.  He then shot Brown in the leg.  Appellant and Santucci took the money order and all the cash from Brown’s pockets, then drove away together in appellant’s car.  Jefferson left the scene on foot.  Brown managed to walk from Santucci’s car to the office building and summon help.  Police officers who responded to reports of a gunshot found Brown by following the trail of blood from Santucci’s car.  The defense called no witnesses and rested with the State.

During his argument to the jury, the prosecutor explained how the State had proved the elements of the offense:

So the next thing I want to get into . . . are the elements in this case, which are very important.  These are the things we have to prove beyond a reasonable doubt.  We have to prove all these elements.  You know, some of these elements were really easy for us to prove because they weren’t refuted.

An example is “on or about April 8th of 2004.”  Well, no one is saying that this incident, this crime, didn’t happen on April 8th, 2004.  Therefore, you can take it for granted that something happened on April 8th, 2004.

Another thing that no one has refuted is that it happened in Travis County, Texas.  Well, this happened at the Days Inn right there right off 183 and I-35.  That’s in Travis County, Texas, and no one has said otherwise.  So you just take that for granted.  You don’t even have to look at it.

Now, another thing that’s been nonrefuted is “causing bodily injury to Douglas Brown,” those two elements right there.  Well, it’s an element that the evidence shows, and the defense has not argued against it, that Mr. Douglas Brown did suffer a very, very serious injury to his leg, a shotgun wound, and that he bled all over the place and almost lost his leg.

The evidence has shown that it’s Mr. Douglas Brown that actually suffered that injury, and the defendant hasn’t refuted that.  So you can just take that as a given. 

[Defense counsel]: Judge, objection.  He’s making an impermissible comment on the defendant’s failure to testify.

THE COURT: Okay.  It’s overruled.  The comment should be, the evidence does not dispute that, sir.

At the request of the defense, the court instructed the jury to disregard the prosecutor’s comment “in the manner in which it was made,” but overruled the motion for mistrial.  The prosecutor apologized for his misstatement and continued:

The evidence has proven that Douglas Brown is the person who suffered that injury.  And we’ve had officers testify to that effect.  And we’ve had witnesses testify that they saw Mr. Brown with a big injury on his leg bleeding all over the place.

A prosecutor’s comment on the defendant’s failure to testify violates the constitutional privilege against self-incrimination and state statute.  
Trevino v. State
, 979 S.W.2d 78, 79-80 (Tex. App.—Austin 1998, pet. ref’d); 
see 
U.S. Const. amend. V; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 38.08 (West 2005).  To be objectionable, the argument when viewed from the jury’s standpoint must manifestly be of such a character that the jury would necessarily and naturally take it as a comment on the defendant’s failure to testify.  
Trevino
, 979 S.W.2d at 80.  Argument that refers to certain evidence as uncontroverted, unrefuted, or uncontradicted is impermissible if only the defendant could personally offer the rebutting testimony.  
Myers v. State
, 573 S.W.2d 19, 20-21 (Tex. Crim. App. 1978).  But language that can be construed as referring to the defendant’s failure to offer evidence from available sources other than himself does not amount to an impermissible comment.  
Cooper v. State
, 959 S.W.2d 682, 686 (Tex. App.—Austin 1997, pet. ref’d).

Although the prosecutor said that “the defendant” had not refuted the evidence identifying Douglas Brown as the person shot and robbed, it is clear from the context that the prosecutor was referring to the defendant’s failure to offer refuting evidence from other available sources.  A number of people—the accomplices, police officers, medical personnel—saw the person who was shot in the parking lot on the morning of April 8.  Under the circumstances, the jurors probably understood the prosecutor to be referring to the witnesses who testified to Brown’s injuries and to the absence of testimony from any witness that Brown was not the victim of the alleged crime.  Any doubt as to the prosecutor’s meaning was removed when, after apologizing for his misstatement, he reminded the jurors of the witnesses who testified regarding Brown’s injuries. 

We conclude that the complained-of remark was not manifestly of such a character that the jury would necessarily and naturally take it as a comment on appellant’s failure to testify.  Moreover, the trial court instructed the jurors to disregard the prosecutor’s remark “in the manner in which it was made,” and the prosecutor promptly made it clear that he was referring to available witnesses other than appellant.  In its charge, the court instructed the jurors not to consider appellant’s failure to testify as a circumstance against him.  For these reasons, the court did not reversibly err by overruling the motion for mistrial.  
See id
.

The point of error is overruled and the judgment of conviction is affirmed.

____________________________________________

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Waldrop

Affirmed

Filed:   November 14, 2006

Do Not Publish