Opinion issued June 23, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00686-CR

———————————

Richard Schrader,
Appellant

V.

The State of Texas, Appellee



 



 

On
Appeal from the 230th District Court

Harris
County, Texas



Trial Court Case No. 1256921

 



 

MEMORANDUM OPINION

Appellant, Richard Schrader, was charged
by indictment with felony theft based on two previous theft convictions.[1]  Appellant pleaded not guilty.  The jury found appellant guilty and assessed
punishment at two years’ confinement in a state jail and a fine of $139.  In two issues, appellant argues that (1) the
trial court erred by not obtaining a plea of “true” or “not true” on the
allegations of appellant’s prior convictions and (2) the State committed
reversible error by making improper jury arguments during the punishment phase.

We affirm.

                                                                                                                                                                
Background

In March 2010, appellant entered a Home Depot store in
Harris County.  A loss prevention officer
at the store observed appellant cut open a package containing an impact tool
wrench, valued at $139.  He saw appellant
put the wrench into his pants and then leave the building.  The loss prevention officer stopped appellant
after he left the building and led him to his office.  The wrench was recovered, and appellant was
arrested.

Appellant was charged by indictment with the felony
offense of theft based on two previous theft convictions.  The evidence at trial established that
appellant had been convicted of five prior offenses of theft between 2007 and
2010 including the two identified in the charge.  During the punishment phase at trial, appellant
testified that he had certain previous convictions but had pleaded guilty to
those.  For this case, appellant admitted
he had been offered a plea but instead elected to go to trial with a jury.  During closing argument, appellant emphasized
that he had pleaded guilty to his previous convictions but had chosen to go
before a jury this time.  

During its closing argument, the State argued that the
reason appellant did not plead guilty this time was because this was the first
time he had not been offered to serve his time in a county jail.  Subsequently, the State argued:

[The State]: 
The issue in front of you in all criminal punishment phases is not so
much, especially in this case, it’s not so much, you know, is he going to
commit this crime again.  We know he is.  We know he’s going to.  You have got nothing but page upon page --

[Appellant]: 
Objection, Your Honor.  That calls
for conjecture.

THE COURT:  Sustained.

          Jury,
you understand this is the argument phase of the case.  You’ve heard the evidence.  You will be governed by that.  What the attorneys tell you is their own
opinion, argument.

[The State]: 
The theft conviction in 2005, theft conviction one, two, three different
times, including two felonies in 2007.  The
evidence, as he has testified to, also includes a possession of a controlled
substance in 2008; theft, again, a felony, in 2008; felony theft in 2009; and a
theft in 2010, for which somebody gave him a heck of a deal in the misdemeanor
court.

          Clearly
it’s not “if” but “when.”  So you can
decide do you want him to do it again in six months or in two years?  It’s pretty simple to me.

                                                                                                                                                      
Prior Convictions

In his first issue, appellant argues the trial court erred
by not obtaining a plea of “true” or “not true” on the allegations of his prior
convictions.  The State correctly points
out, however, that the two allegations of his prior convictions were elements
of the charged offense, not enhancement paragraphs.

“A person commits an offense if he unlawfully appropriates
property with intent to deprive the owner of property.”  Tex.
Penal Code Ann. § 31.03(a) (Vernon 2011).  The offense is a state jail felony if “the
value of the property stolen is less than $1,500 and the defendant has been
previously convicted two or more times of any grade of theft.”  Id.
§ 31.03(e)(4)(D).

Statutory language that elevates the commission of a crime
from a misdemeanor to a felony based on prior convictions is not an enhancement
of a punishment statute; rather, it is a jurisdictional element of the
offense.  Diamond v. State, 530 S.W.2d 586, 587 (Tex. Crim. App. 1975); Gant v. State, 606 S.W.2d 867, 871 (Tex.
Crim. App. 1980).  The alleged prior
convictions, then, must be included in the body of the main charge.  Gant,
606 S.W.2d at 871.

Appellant was charged with theft of property with a value
of less than $1,500.  He was also charged
with being convicted of two prior thefts. 
These convictions were elements of the charged offense.  See id.;
Diamond, 530 S.W.2d at 587.  There were no punishment enhancement
paragraphs that required a pleading of “true” or “not true.”[2]

We overrule appellant’s first issue.

                                                                                                                                                    
Closing Argument

In his second issue, appellant argues the State committed
reversible error by making improper jury arguments during the punishment phase.

A.              
Standard of Review & Applicable Law

Permissible jury argument falls within one of four
categories (1) summation of the evidence; (2) reasonable deductions from the
evidence; (3) answer to argument of opposing counsel; and (4) pleas for law
enforcement.  Strain v. State, 126 S.W.3d 207, 209 (Tex. App.—Houston [1st Dist.]
2003, no pet.) (citing Felder v. State,
848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992)).  If we determine that the argument fell outside
these four categories, we must then determine whether, in light of the record
as a whole, there is a reasonable probability that the improper argument might
have contributed to appellant’s conviction or punishment. Goldberg v. State, 95 S.W.3d 345, 388 (Tex. App.—Houston [1st
Dist.] 2002, pet. ref’d) (citing Orona v.
State, 791 S.W.2d 125, 128 (Tex. Crim. App. 1990)). 

In most instances, an instruction to the jury to
disregard, which we may presume that the jury followed, will cure error from an
improper remark.  Cooks v. State, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992).  In that circumstance, reversible error only
exists if, in light of the record as a whole, the remarks or arguments are
extreme or manifestly improper, violate a mandatory statute, or inject new
facts harmful to the accused into the trial proceeding.  See Wesbrook
v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000).  To rise to this level, we must be convinced
that the remarks represented a willful and calculated effort on the part of the
State to deprive appellant of a fair and impartial trial.  Id.  

B.              
Analysis

Appellant complains that the State made two impermissible
jury arguments during its closing in the punishment phase.  First, appellant argues it was improper for
the State to suggest a motive for appellant’s failure to accept a plea
bargain.  Second, appellant argues it was
improper for the State to assert that appellant would commit theft again in the
future.  The State argues that appellant
did not preserve these issues for appeal. 
We agree.

In order to preserve jury argument error, the defendant
must make a contemporaneous objection and obtain a ruling.  Cooks,
844 S.W.2d at 727.  If the objection is
sustained, the defendant must then request an instruction to disregard the
argument and obtain a ruling.  Id. at 727–28.  If that objection is granted, the defendant must
then move for a mistrial and obtain a ruling. 
Id.  Additionally, the defendant must continue to
object each time the impermissible argument is made.  Dickerson
v. State, 866 S.W.2d 696, 699 (Tex. App.—Houston [1st Dist.] 1993, writ
ref’d).

Appellant argues there is an exception to the requirement
to object when the argument is so prejudicial that an instruction to disregard
would not have cured harm, citing Nichols
v. State, 754 S.W.2d 185, 199 (Tex. Crim. App. 1988).  This holding has been overruled,
however.  See Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996)
(holding defendant’s failure to object to jury argument or to pursue adverse
ruling forfeits right to complain on appeal, overruling any prior cases to the
contrary); Curiel v. State, 243
S.W.3d 10, 19 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d) (recognizing Cockrell as overruling Nichols).  An objection is required even if the argument
is premised on a Fourteenth Amendment due process violation.  Ladd v.
State, 3 S.W.3d 547, 569–70 (Tex. Crim. App. 1999).

On appeal, appellant’s first complaint of improper jury
argument concerns the State’s suggestion of a motive for appellant’s failure to
accept a plea bargain.  No objection was
raised at trial concerning this argument, however.  See Cooks,
844 S.W.2d at 727 (requiring objection to improper jury argument).  Appellant’s second complaint of improper jury
argument concerns the State’s argument that appellant would commit theft again
in the future.  Appellant did object to
this argument, and the trial court sustained the objection.  Appellant did not ask for an instruction to
disregard; nor did he seek a mistrial.  See id. at 727–28 (requiring motion to
disregard and motion for mistrial—if motion to disregard is sustained—to
preserve complaint for appeal).  Additionally,
after the trial court ruled on the objection, the State continued to make the
same argument.  Appellant did not renew his
objection to this argument.  See Dickerson, 866 S.W.2d at 699
(requiring objection each time improper argument is made).  We hold appellant has not preserved this
issue for appeal.

We overrule appellant’s second issue.

                                                                                                                                                                   
Conclusion

We affirm the judgment of the trial court.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Yates.[3]

Do not publish.   Tex. R.
App. P. 47.2(b).











[1]           See Tex. Penal Code Ann. § 31.03(a),
(e)(4)(D) (Vernon 2011).





[2]           Even if the relevant language were enhancements, appellant
made no objection to the trial court’s failure to read the allegations during
the punishment phase or to obtain a plea from appellant.  Failure to raise an objection to the trial
court’s failure to read the enhancement paragraphs and to obtain a plea must be
raised before the trial court—either during trial or in a post-trial motion—in
order to preserve the error on appeal.  Warren v. State, 693 S.W.2d 414, 416
(Tex. Crim. App. 1985).  Here, appellant
never raised the issue before the trial court.





[3]           The Honorable Leslie Brock Yates, former Justice, Court of
Appeals, Fourteenth District of Texas at Houston, participating by assignment.